UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
800 Franklin Ave., Room 380
Waco, Texas 76701

RECEIVED

2006 MAY 31  A 9:39

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

WILLIAM G. PUTNICKI
CLERK OF COURT

May 23, 2006

Clerk, U.S. District Court
P.O. Box 711
Montgomery, Alabama 36101

In Re:    Our File No.: W06-112M
          Your File No.: 1:05CR288-F
          U.S.A. v. Sidal Torres

Dear Sir:

Enclosed please find the following documents:

1)  Copy of your Warrant for Arrest;
2)  Copy of your Indictment;
3)  Certified copy of the Initial Appearance Proceeding Memo;
4)  Original CJA 23 Financial Affidavit;
5)  Original Waiver of Rule 5 Hearings;
6)  Original Order Setting Conditions of Release;
7)  Original Appearance Bond; and
8)  Original Order Holding Defendant to Answer and to Appear
    in District of Prosecution.

Kindly acknowledge receipt of the enclosures by signing and
returning the enclosed copy of this letter.

Sincerely,

WILLIAM G. PUTNICKI, CLERK

by: _Lisa Trotter_____
      Lisa Trotter, Magistrate Courtroom Deputy

Enclosure(s)

RECEIVED this _____ day of _____, 2006.

BY_____

# FINANCIAL AFFIDAVIT

CJA 23
(Rev. 5/98)

IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT OR OTHER COURT SERVICES WITHOUT PAYMENT OF FEE

| IN UNITED STATES | ☐ MAGISTRATE | ☑ DISTRICT | ☐ APPEALS COURT or | ☐ OTHER PANEL (Specify below) |
|---|---|---|---|---|

IN THE CASE OF _USA_ vs. _Torres_

FOR _MAY 22 2006_
_CLERK, U.S. DISTRICT COURT_
_By:_

LOCATION NUMBER

PERSON REPRESENTED (Show your full name)

_Sidal Torres_

1 ☑ Defendant – Adult
2 ☐ Defendant – Juvenile
3 ☐ Appellant
4 ☐ Probation Violator
5 ☐ Parole Violator
6 ☐ Habeas Petitioner
7 ☐ 2255 Petitioner
8 ☐ Material Witness
9 ☐ Other (Specify) _____

DOCKET NUMBERS

Magistrate _W06-112M_
District Court _1:05CR288-F_
Court of Appeals

CHARGE/OFFENSE (describe if applicable & check box →) ☑ Felony  ☐ Misdemeanor

## ASSETS

**EMPLOYMENT**

Are you now employed? ☐ Yes ☑ No ☐ Am Self Employed
Name and address of employer: _____
IF YES, how much do you earn per month? $_____
IF NO, give month and year of last employment
How much did you earn per month? $_____
If married is your Spouse employed? ☐ Yes ☑ No
IF YES, how much does your Spouse earn per month? $_____
If a minor under age 21, what is your Parents or Guardian's approximate monthly income? $_____

**OTHER INCOME**

Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity payments, or other sources? ☑ Yes ☐ No
RECEIVED        SOURCES
IF YES, GIVE THE AMOUNT RECEIVED & IDENTIFY $ _1350mo_  _SSI 2007 2years_
THE SOURCES

**CASH**

Have you any cash on hand or money in savings or checking account ☐ Yes ☑ No IF YES, state total amount $_____

**PROPERTY**

Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☑ Yes ☐ No
VALUE        DESCRIPTION
IF YES, GIVE THE VALUE AND DESCRIBE IT $ _5,900_  _Auto's_

## OBLIGATIONS & DEBTS

**DEPENDENTS**

MARITAL STATUS
☐ SINGLE
☑ MARRIED
☐ WIDOWED
☐ SEPARATED OR DIVORCED

Total No. of Dependents _2_

List persons you actually support and your relationship to them
_Robert Torres - son_
_Deborah Torres - wife_

**DEBTS & MONTHLY BILLS**

(LIST ALL CREDITORS, INCLUDING BANKS, LOAN COMPANIES, CHARGE ACCOUNTS, ETC.)

| APARTMENT OR HOME: Creditors | Total Debt | Monthly Payt. |
|---|---|---|
| _rent_ | $ | $ _525_ |
| _utilities_ | $ | $ _267_ |
| _insurance_ | $ | $ _137_ |
| _medical bills_ | $ _800_ | $ _80_ |
| _federal loan_ | $ _664_ | |

I certify under penalty of perjury that the foregoing is true and correct. Executed on (date) _5-22-06_

SIGNATURE OF DEFENDANT (OR PERSON REPRESENTED) ▶ _Sidal Torres_

FILED

MAY 2 2 2006

Clerk, U.S. Dist. Court
By _____ Deputy

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| United States of America | § | **ORDER HOLDING DEFENDANT TO** |
| | § | **ANSWER AND TO APPEAR IN DISTRICT** |
| vs. | § | **OF PROSECUTION OR DISTRICT** |
| | § | **HAVING PROBATION JURISDICTION** |
| (1) SIDAL TORRES | § | |
| *Defendant* | § | Case Number:  WA:06-M -00112(1) |
| | § | |
| | § | *Charging District Case No.: 1:05CR288-F* |

The defendant having appeared before this Court pursuant to Rule 5 and 5.1, Fed.R. Crim.P., and proceedings having been concluded and the defendant released;

IT IS ORDERED that the defendant be held to answer in the United States District Court for the     MIDDLE DISTRICT OF ALABAMA, MONTGOMERY     ; and shall appear at all
_____DIVISION_____
proceedings as required.  The Defendant shall next appear at (if blank, to be notified):

Courtroom 5A, One Church St., Montgomery, AL
_____
*Place and Address*

on _____June 1, 2006 at 10:00 a.m._____
*Date and Time*

_____5/22/06_____
*Date*

_____
JEFFREY C MANSKE
U.S. MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### WACO DIVISION

**FILED**

**MAY 2 2 2006**

Clerk, U.S. Dist. Court
By _____ Deputy

| | | |
|---|---|---|
| United States of America | § | **APPEARANCE BOND** |
| | § | |
| vs. | § | Case Number: WA:06-M -00112(1) |
| | § | |
| (1) SIDAL TORRES | § | *Ref Case Number: 1:05CR288-F* |
| Defendant | | |

Non-surety:    I, the undersigned defendant acknowledge that I and my........
Surety:    We the undersigned, jointly and severally acknowledge that we and our........
personal representatives, jointly and severally, are bound to pay to the United States of America the sum of
$ 25,000, ~~and there has been deposited in the Registry of the Court the sum of $~~
~~in cash or~~ _Unsecured_ (describe other security).

        The conditions of this bond are that the defendant **(1) SIDAL TORRES** is to appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for a violation of a condition of defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred.  The defendant is to abide by any judgment entered in such a matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

        It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which shall continue until such time as the undersigned are exonerated.

        If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this bond, then  this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of it's conditions may be declared by any United States Court having cognizance of the above entitled matter at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each debtor jointly or severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States. The defendant and or any third party that posts money or other liquid assets to secure the release of the defendant in compliance with this bond is hereby notified that per the Debt Collection Act of 1990, Title 28 USC § 2044, a finding of guilt to any of the charges for which this bond is being made, and upon motion from the U.S. Attorney, the District Court can at the  conclusion of this case order any funds aforementioned on deposit with this Court to be held and paid over to the U.S.  Attorney to be applied to any fine, restitution, or penalty imposed on the defendant.

        This bond signed on _5-22-06_ at U.S. Magistrate Court, Courtroom No. 3, Second Floor, 800 Franklin Avenue, Waco, Texas.

Defendant: _S. Del Torres_
                 *Signature*

Surety: _____    Address: _____

Surety: _____    Address: _____

Signed and acknowledged before me on _5-22-06_ .

Approved: _____
                 *Judicial Officer*         **JEFFREY C MANSKE, U.S. MAGISTRATE JUDGE**
                                                          *Judicial Officer/Clerk*

✎AO 199A    (Rev. 6/97) Order Setting Conditions of Release

| Page 1 of 3 |
|---|

FILED

MAY 2 2 2006

Clerk, U.S. Dist. Court
By _____ Deputy

# UNITED STATES DISTRICT COURT

| WESTERN | District of | TEXAS |
|---|---|---|

WACO DIVISION

United States of America

V.

## ORDER SETTING CONDITIONS
## OF RELEASE

Sidal Torres
_____
              Defendant

Case Number:  W06-112M

Middle District of Alabama, SD :   1:05CR288-F

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1)        The defendant shall not commit any offense in violation of federal, state or local law while on release in this

(2)        The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

(3)        The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed

directed.  The defendant shall appear at (if blank, to be                Frank M. Johnson, Jr. Federal Court House
                                                                                                                                       Place

One Church Street, Montgomery, AL  on   June, 1, 2006 at 10:00 A.M.
                                                                                    Date and Time

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✔ ) (4)  The defendant promises to appear at all proceedings as required and to surrender for service of any sentence

( X ) (5)  The defendant executes an unsecured bond binding the defendant to pay the United States the sum of
TWENTY FIVE THOUSAND _____ dollars   $25,000 _____
           in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

DISTRIBUTION:   COURT    DEFENDANT    PRETRIAL    SERVICES    U.S. ATTORNEY    U.S. MARSHAL

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( ) (6)  The defendant is placed in the custody of:

(Name of person /organization) _____

(Address _____

(City/State) _____ (Tel. _____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____   _____
                    Custodian or Proxy                                Date

( X ) (7)  The defendant shall:

( X ) (a)  report to   U.S. Pretrial Services Office                      ,
telephone number _____ , not later   as directed. _____ .

( ) (b)  execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
_____

( ) (c)  post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-
_____

( ) (d)  execute a bail bond with solvent sureties in the amount _____ .

( ) (e)  maintain or actively seek employment.

( ) (f)  maintain or commence an education program.

( X ) (g)  surrender any passport to:   U.S. Pretrial Services Office, Waco, Texas within 24 hours of release.

( X ) (h)  obtain no passport.

( X ) (i)  abide by the following restrictions on personal association, place of abode, or travel:
Remain within the Western  District of Texas: Waco Division and the Middle District of Alabama Southern Division for court travel only.

( ) (j)  avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject prosecution, including but not limited to:
_____
_____

( ) (k)  undergo medical or psychiatric treatment and/or remain in an institution as _____
_____

( ) (l)  return to custody each (week) day as of _____ o'clock after being released each (week) day_____ o'clock for schooling, or the following limited _____

( ) (m  maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office.

( ) (n)  refrain from possessing a firearm, destructive device, or other dangerous weapons.

( ) (o)  refrain       ( ) any   ( ) excessive use of alcohol.

( ) (p)  refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

( ) (q)  submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance.  Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

( ) (r)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer and pay any costs as directed by the pretrial services office.

( ) (s)  refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic  monitoring which is (are) required as a condition(s) of release.

( ) (t)  participate in one of the following home confinement program components and abide by all the requirements of the       ( ) will
( ) will not include electronic monitoring or other location verification system.  You shall pay all or part of the cost of the program based upon to pay as determined by the pretrial services office or supervising officer.
( ) (i) Curfew.  You are restricted to your residence every   ( ) from _____ to _____ , or ( ) as directed by the services office or supervising officer; or
( ) (ii) Home Detention.  You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or
( ) (iii) Home Incarceration.  You are restricted to your residence at all times except for medical needs or treatment, religious services, and ) court appearances pre-approved by the pretrial services office or supervising officer.

( X ) (u)  report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

( X ) (v)  Refrain from obtaining  employment position that requires any type of work  on aircrafts.

( X ) (w  Maintain residence at 149 Amy Joy Drive, China Spring, Texas 76633 and do not change residence without prior approval from Pretrial Services.
_____

( ) (x)  _____
_____

DISTRIBUTION:   COURT    DEFENDANT    PRETRIAL SERVICES    U.S. ATTORNEY    U.S. MARSHAL

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

## Directions to United States Marshal

( X ) The defendant is ORDERED released after processing.

(    ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date _____May 22, 2006_____

_____
Signature of Judicial Officer

Jeffrey C. Manske, U.S. Magistrate Judge
Name and Title of Judicial Officer

DISTRIBUTION:   COURT     DEFENDANT     PRETRIAL SERVICE     U.S. ATTORNEY     U.S. MARSHAL

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

```
FILED
MAY 2 2 2006
Clerk, U.S. Dist. Court
By _____
              Deputy
```

| United States of America | § | **WAIVER OF RULE 5 HEARINGS** |
|---|---|---|
| | § | **(Excluding Probaton Cases)** |
| vs. | § | |
| | § | Case Number:  WA:06-M -00112(1) |
| (1) SIDAL TORRES | § | |
| | § | *Ref: 1:05CR288-F* |

I **(1) SIDAL TORRES**, understand that in the **MIDDLE DISTRICT OF ALABAMA, MONTGOMERY DIVISION** charges are pending alleging violation of   **- 49 USC 46306(b)(2)** and that I have been arrested in this district and taken before a United States Magistrate, who informed me of the charge and of my right to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel, (2) request transfer of the proceedings to this district pursuant to Rule 20, Fed. R. Crim.P., (note: Rule 20 is NOT applicable to Revocation of (a)Terms of Supervised Release, (b)Probation, (c)Parole, or (d)Bond proceedings) in order to to plead guilty, (3) an identity hearing to determine if I am the person named in the charge, and (4) a preliminary examination (unless an  indictment has been returned or an information filed) to determine whether there is probable cause to believe an offense has been committed  by me, the hearing to be held either in this district or the district of prosecution.

I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):

( )  Identity Hearing

( )  Preliminary Examination

(X)  Identity Hearing and I have been informed I have no right to a Preliminary Examination

( )  Identity Hearing but request a Preliminary Examination be held in the prosecuting district

and therefore, consent to the issuance of an order requiring my appearance in the prosecuting district where the charge is pending against me.

_____5-22-06_____          _____

*Date*                                              *Defendant*

                                                    _____

                                                    *Defense Counsel*

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### WACO DIVISION

United States of America      § § § § § §

vs.

(1) SIDAL TORRES

*Defendant*

Criminal No.: WA:06-M -00112(1)
    *Ref: 1:05CR288-F*

Date Appeared: May 22, 2006

## PROCEEDING MEMO - INITIAL APPEARANCE

1. Complaint/Indictment/Information/Petition Filed    12/14/05    In the    MIDDLE DISTRICT OF ALABAMA, MONTGOMERY DIVISION
                 *Date*                       *Charging District*

     Warrant Issued: _____    Arrested/Appeared on Summons    5/22/06
                           *Date*                               *Date*

2. COURT PERSONNEL:

     U.S. Magistrate Judge:    **JEFFREY C. MANSKE**
     Chief U.S. District Judge:    **WALTER S. SMITH, JR.**
     Courtroom Deputy:    **LISA TROTTER**
     Pretrial Officer:    **CHARLES MASON    CARMEN HERRERA**
     Probation Officer: _____    Interpreter:   no

3. APPEARANCES:

     AUSA:   None
     DEFT:   None

4. PROCEEDINGS:

    a.    Age   67    Education   12th grade, GED    Gender   M
    b.    Defendant understands proceedings and is mentally competent.      (Y)   N
    c.    Defendant is informed of constitutional rights.      (Y)   N

     I, (1) SIDAL TORRES, have been read my constitutional rights.

     _____
                *(Defendant's Signature)*

    d.    Defendant understands charges.      (Y)   N
    e.    If charged on complaint, Defendant informed of right to Preliminary Exam.    Y   N
    f.    Defendant informed of right to legal counsel.

       _____ 1)    Defendant waives counsel.
       _____ 2)    Defendant states he/she will retain counsel.
       _____ 3)    Defendant states he/she has retained

                               Phone No.: _____
       __X__ 4)    Defendant requests appointment of counsel.
            _____ Defendant HAS NOT completed the CJA23 financial affidavit.
                 Court will apoint counsel in the interest of justice but will require an affidavit to be completed by the next hearing.
            _____ Defendant HAS completed the CJA23 financial affidavit and the Court will appoint counsel because:
                 _____ The defendant is indigent at this time.
                 _____ Even though the defendant is not indigent, counsel will be appointed in the interest of justice.
                 _____ is appointed as counsel.
                 _____ The Court finds that the defendant is NOT eligible and denies request.

A true copy of the original, I certify,
WILLIAM G. PUTNICKI
Clerk, U. S. District Court.

By: _Lisa Trotter_
                 Deputy

PROCEEDING MEMO - INITIAL APPEARANCE (Rule 5)
In Re: (1) SIDAL TORRES
Page 2 of 2 Pages

g.  REMOVAL PROCEEDINGS:
    The Defendant is advised of Rule 20 and Rule 5 rights and ....

    _____ 1)  The Defendant waives Rule 5 and is detained pending removal to the
                _____ . Detention hearing is to be held in that district.

    __X__ 2)  The Defendant waives Rule 5 and is released on bond. The Defendant is ordered to appear in the
              MD-AL, Montgomery Division      [✓] on  6-1-06 at 10:00 a.m,
              or [ ] when notified by the prosecuting district.

    _____ 3)  The Defendant is advised he / she has no right to Rule 5 hearing due to adjoining federal districts and the U.S.
                Marshal is ordered to remove the Defendant to _____

    _____ 4)  The Defendant is  [ ] detained  [ ] released on bond and requests Rule 5 hearing.  The
                Court sets hearing for _____

| | | | | | |
|---|---|---|---|---|---|
| h. | _____ | Preliminary Examination is set for | _____ | at | _____ |
| i. | _____ | Preliminary Examination / Detention is set for | _____ | at | _____ |
| j. | _____ | Arraignment is set for | _____ | at | _____ |
| k. | _____ | Arraignment / Detention is set for | _____ | at | _____ |
| l. | _____ | Bond Revocation is set for | _____ | at | _____ |
| m. | _____ | Final Revocation Hearing is set for | _____ | at | _____ |

n. __X__ Bond set at $ 25,000,  Type of Bond:  [✓] Unsecured  [ ] %  [ ] Cash / CS  [ ] PR
o. __X__ Bond filed  5-22-06  . Defendant released  5-22-06 .
                        *(Date)*                              *(Date)*

OTHER PROCEEDINGS:

_____
|                                                                |
|                                                                |
|                                                                |
|                                                                |
_____