IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA )
)
v. ) CR. NO. 1:05cr288-MEF
)
SIDAL TORRES )

## PLEA AGREEMENT

DEFENSE COUNSEL:            CHRISTINE FREEMAN

ASSISTANT U.S. ATTORNEY:    TERRY F. MOORER

### COUNTS AND STATUTES CHARGED:

Counts 1, 2 and 3    49 U.S.C. § 46306 (b)(2)

### COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:

Count 1    49 U.S.C. § 46306 (b)(2)

### PENALTIES BY COUNT - MAXIMUM PENALTY:

Counts 1, 2 and 3    49 U.S.C. § 46306 (b)(2):
NMT 3Y or
NMT $250,000 or both;
NMT 1Y SUP REL;
$100 AF;
VWPA.

### ELEMENTS OF THE OFFENSE(S):

49 U.S.C. § 46306 (b)(2):

1. The defendant knowingly sells, uses, attempts to use, or possesses with the intent to use a forged or altered certificate;

2. The FAA is authorized to issue the certificate that was forged or altered.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Terry F. Moorer, Assistant United States Attorney, and CHRISTINE FREEMAN, attorney for the defendant, pursuant to the provisions of Rules 11 (c)(1)(A) and 11 (c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties in the following respects.

## GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to the offense charged in Count 1 of the Indictment, the attorney for the Government will do the following:

a. The Government will agree that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct. Should the Government find the defendant assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, and if Defendant otherwise qualifies, the Government will move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States. However, the Government will not be able to move for the third point reduction if

2

the defendant's offense level is determined to be under 16.

b. The government will agree to recommend the low-end of the applicable guideline level, including a sentence of probation, if eligible under the sentencing guidelines. The government agrees the defendant may argue for a sentence of probation even if the sentencing guidelines range precludes probation.

c. At the time of sentencing on count 1, the government will move to dismiss counts 2 and 3 of the Indictment.

### **DEFENDANT'S PROVISIONS**

2. The defendant agrees to the following:

   a. To plead guilty to Count 1 of the Indictment.

   b. To be sentenced to the low end of the applicable guideline range, including a sentence of probation, if eligible under the sentencing guidelines.

   c. To not commit any State, local or federal offenses.

### **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

3. Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding, except the defendant does not waive the right to appeal based upon ineffective assistance of counsel and prosecutorial misconduct.

Further, the parties agree that nothing in this agreement shall affect the United States' right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the

United States appeals defendant's sentence pursuant to 18 U.S.C. § 3742, Defendant is released from this waiver.

## FACTUAL BASIS

4. The defendant understands the nature of the charges to which the plea is offered involves proof as follows:

    a. As to count 1, the defendant admits that on or about November 18, 2002, in Houston County, within the Middle District of Alabama, he did knowingly use, attempt to use, and possess with intent to use, a Certificate of Authority to act in the capacity of a Designated Mechanic Examiner for Airframe and Powerplant Ratings, purportedly issued by the FAA, in that the defendant TORRES applied as a sheet metal mechanic and supervisor at Pemco World Air Services, of Dothan, Alabama, and presented a falsified DME certificate, which falsely reflected he held a Designated Mechanic Examiner for Airframe and Powerplant Ratings certificate, in violation of Title 49, United States Code, Section 46306(b)(2).

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

5. The defendant, before entering a plea of guilty to Count 1 of the Information as provided for herein by said Plea Agreement, advises the Court that:

    a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

    b. The defendant further understands that pursuant to Title 18, United States Code, Section 3013, a $100.00 assessment per count is to be paid by the defendant on

the date of sentencing.

 c. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

 d. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

 e. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

 f. Defendant further understands and advises the Court that the plea agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted

5

with the defendant's authorization, knowledge and consent.

    g. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

    h. The defendant further advises the Court that it is understood that the parties can only enter an agreement which is not binding on the Court, and that the defendant understands that after the entry of the guilty plea, the defendant has a right to withdraw the plea should the Court refuse to accept the plea agreement pursuant to Rule 11(c)(1)(C).

    i. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

    j. The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

6. The defendant understands that the U.S. Probation Office may prepare a pre-sentence investigation report for the Court. The Probation Officer will consider defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category as calculated by the

Probation Officer and determined by the court may differ from that projected by defendant's counsel or the U.S. Attorney.

Respectfully submitted on this 17th day of November, 2006.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Louis V. Franklin
Louis V. Franklin
Chief - Criminal Division

/s/ Terry F. Moorer
Terry F. Moorer
Assistant United States Attorney

I have had read to me the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, CHRISTINE FREEMAN.

_____
SIDAL TORRES
Defendant

Date

_____
CHRISTINE FREEMAN
Attorney for the Defendant

Date 11/20/06

8